

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-30-1999

# Bowen v. Monus

Precedential or Non-Precedential:

Docket 98-3206

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"Bowen v. Monus" (1999). *1999 Decisions.* Paper 83.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/83

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed March 30, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-3206

IN RE: PHAR-MOR, INC. SECURITIES LITIGATION

IVAN BOWEN, II; ROBERT J. CARR; VERNON L.
CARSON; MERLE T. CARSON; ROBERT M. CHASE;
STEPHEN M. EHRLICHMAN; ROBERT J. FRISBY;
RONALD GOLDBERG; CECILE GUTHMAN; HOWARD D.
HIRSH REVOCABLE TRUST; WALTER JACOBSON; DIANE
DYBSKY JACOBSON; ROBERT A. JUDELSON; EDWARD
L. LEMBITZ PROFIT SHARING PLAN; MARC LEVENSTEIN;
ANGELA LEVENSTEIN; MAURICE SPORTING GOODS,
INC.; PROTECTIVE INSURANCE COMPANY; ROBERT A.
RIESMAN, JR.; PHILLIP E. ROLLHAUS, JR.; JEANETTE
M. SHEA TRUST; SPIEGEL, INC.; SUPPLEMENTAL
EMPLOYEE RETIREMENT PLAN FOR THE BENEFIT OF
JOHN J. SHEA; JACK SHIRE; HELEN SHIRE; BERNARD
M. SUSSMAN REVOCABLE TRUST; GLEN R. TRAYLOR;
UNION LEAGUE BOYS & GIRLS CLUBS; RICHARD E.
WEISS; JOHN B. WHITTED, JR.; STEIN ROE
INVESTMENT TRUST; OLYMPUS PRIVATE PLACEMENT
FUND, L.P.; VENCAP HOLDINGS (1987) PTE LTD.;
ODYSSEY PARTNERS, L.P.; KEMPER TOTAL RETURN
FUND; KEMPER GROWTH FUND; KEMPER SMALL
CAPITALIZATION EQUITY FUND; KEMPER INVESTMENT
PORTFOLIOS- GROWTH PORTFOLIO; KEMPER
INVESTMENT PORTFOLIOS- TOTAL RETURN PORTFOLIO;
KEMPER INVESTORS FUND- EQUITY PORTFOLIO;
KEMPER INVESTORS FUND- TOTAL RETURN
PORTFOLIO; LUMBERMENS MUTUAL CASUALTY
COMPANY; KEMPER FINANCIAL SERVICES, INC.; NEW
ECONOMY FUND; ANCHOR PATHWAY FUND GROWTH
SERIES; AMERICAN VARIABLE INSURANCE SERIES
GROWTH FUND; ALBERT H. BITZER, JR.

REVOCABLE TRUST; THE BOWEN FAMILY
PARTNERSHIP; KEMPER RETIREMENT FUND- SERIES I;
KEMPER RETIREMENT FUND- SERIES II; SELECT
EQUITY FUND OF THE COLLECTIVE TRUST FUNDS OF
THE NORTHERN TRUST COMPANY; STEIN ROE PRIME
EQUITIES; ANDREW K. BLOCK TRUST NO. 2; GROWTH
EQUITY FUND-A OF THE COMMON TRUST FUNDS OF
THE NORTHERN TRUST COMPANY; DAVID A. BRESKIN;
BURTON B. KAPLAN; ARTHUR CHARLES NEILSEN, JR.;
RALPH M. SEGALL TRUST; MITCHELL GOLDSMITH;
ALLAN C. LICHTENBERG TRUST; EVA F. LICHTENBERG;
JAMES D. WINSHIP; M S BLOCK 1985 FAMILY TRUST;
PAGTIP,

      Appellants,

v.

MICHAEL I. MONUS; DAVID S. SHAPIRA; PATRICK B.
FINN; JEFFREY C. WALLEY; STANLEY CHERELSTEIN; A.
JOEL ARNOLD; CHARITY J. IMBRIE; IRWIN PORTER;
GERALD E. CHAIT; NATHAN H. MONUS; STANLEY
MORAVITZ; NORMAN WEIZENBAUM; FARRELL
RUBENSTEIN; JONATHAN KAGAN; GIANT EAGLE, INC.;
NATWEST CAP MARKETS; COUNTY NATWEST GLOBAL
SECURITIES LIMITED; CTY NATWEST SECURITIES;
COOPERS & LYBRAND; GIANT EAGLE DE, INC.;
NATIONAL WESTMINSTER BANK PLC,

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Judge: Honorable Donald E. Ziegler
(D.C. Civ. No. 92-1938)

Argued February 16, 1999

BEFORE: GREENBERG, ROTH, and LOURIE,*
Circuit Judges

_____

*Honorable Alan D. Lourie, Circuit Judge of the United States Court of
Appeals for the Federal Circuit, sitting by designation.

(Filed: March 30, 1999)

        Arthur T. Susman
        Robert E. Williams (argued)
        Susman & Watkins
        Two First National Plaza
        Suite 600
        Chicago, IL 60603

         Attorney for Appellants

        Bernard D. Marcus
        John M. Burkoff (argued)
        Marcus & Shapira, LLP
        One Oxford Centre
        35th Floor
        301 Grant Street
        Pittsburgh, PA 15219

         Attorney for Appellees

OPINION OF THE COURT

LOURIE, Circuit Judge.

Bowen et al. (collectively the "Bowen plaintiffs") appeal from a January 13, 1998 order of the United States District Court for the Western District of Pennsylvania granting a motion by Giant Eagle, Inc. for a declaration that Giant Eagle and Shapira et al. (collectively the "Giant Eagle defendants") had not violated a settlement agreement with the Bowen plaintiffs and for enforcement of that agreement. See In Re Phar-Mor, Inc. Sec. Litig., Civ. Action No. 92-1938 (W.D. Pa. Jan. 13, 1998), mot. for recons. denied, (W.D. Pa. Mar. 3, 1998). Because the district court lacked subject matter jurisdiction to rule on the motion, we vacate and remand.

BACKGROUND

In the summer of 1992, Phar-Mor, Inc. announced that it would take a $350 million accounting charge to cover

3

losses that had resulted from alleged fraud committed by certain Phar-Mor employees. See In Re Phar-Mor, Inc. Sec. Litig., Docket No. 959 (Judicial Panel on Multidistrict Litigation, Feb. 17, 1993) (transfer order). Phar-Mor filed for bankruptcy shortly thereafter, and a number of lawsuits were filed by dissatisfied investors. The dissatisfied investors at issue here, collectively known as the "Rule 144A purchasers," bought $110 million of Phar-Mor stock in a $112 million private placement offering in October of 1991. The Rule 144A purchasers, each of which filed its own complaint in the Phar-Mor multidistrict litigation, are actually four separate groups of plaintiffs: the T. Rowe Price plaintiffs, the MFS plaintiffs, the Bowen plaintiffs, and Allstate Insurance Company ("Allstate"). The Bowen plaintiffs, who had invested approximately $83 million in the private placement offering, filed a securities fraud action against numerous parties, including Phar-Mor and the Giant Eagle defendants,1 in the Northern District of Illinois. Pursuant to a February 17, 1993 order by the Judicial Panel on Multidistrict Litigation, the case was transferred to the Western District of Pennsylvania under 28 U.S.C. S 1407 and consolidated with related cases. In 1995, the Rule 144A purchasers settled individually with the Giant Eagle defendants.2 On August 4, 1995 Giant Eagle entered into a settlement agreement (the "Settlement Agreement") with the Bowen plaintiffs in which Giant Eagle agreed to pay the Bowen Plaintiffs 9.09È/dollar invested, an amount which totaled greater than $7.5 million. The Settlement Agreement contained a "most favored nations" provision which stated that if the Giant Eagle defendants settled with any other Rule 144A purchaser on more favorable terms, i.e., greater than 9.09È/dollar, Giant Eagle

_____

1. The Bowen plaintiffs' complaint reveals that Giant Eagle was sued because of its status as a controlling entity. This control was manifested in two principal ways: first, the majority of Phar-Mor's directors were directors of Giant Eagle, and second, Giant Eagle's wholly owned subsidiary, Eagle-Delaware, owned over 40% of Phar-Mor's voting shares during the relevant period.

2. The T. Rowe Price plaintiffs settled on January 27, 1995, the MFS plaintiffs settled on February 15, 1995, and Allstate settled on November 13, 1995.

4

would pay the Bowen plaintiffs based on those more favorable terms. On August 4, 1995, the Pennsylvania district court approved the Settlement Agreement and dismissed the action against the Giant Eagle defendants. The brief order by the district court read in relevant part:

> AND NOW, this 4th day of August, 1995, upon the Motion of Plaintiffs Ivan Bowen, et al. (the "settling Plaintiffs") and Defendants David S. Shapira, Irwin W. Porter, Gerald E. Chait, Stanley Moravitz, Norman Wiezenbaum, Donald M. Robinson, Farrell Rubenstein and Jonathan Kagan (the "Director Defendants"), it is hereby ORDERED that (1) the settlement documented in the August 4, 1995 Settlement and Release executed on behalf of the Settling Plaintiffs in favor of the Director Defendants and others (the "Settlement") is hereby approved; (2) the Director Defendants, Charity Imbrie, Giant Eagle, Inc., Giant Eagle of Deleware, Inc., Corporate Partners, L.P., Corporate Offshore Partners, L.P., and Lazard Freres & Co. are hereby dismissed with prejudice from this lawsuit pursuant to the terms of the Settlement, each party to pay its own costs . . . .

In Re Phar–Mor, Inc. Sec. Litig., Civ. Action No. 92–1938 (W.D. Pa. Aug. 4, 1995) (emphasis added).

Following the dismissal of the Bowen plaintiffs' action, Giant Eagle paid the Bowen plaintiffs the agreed 9.09È/dollar. After the Giant Eagle defendants had settled with all of the other Rule 144A purchasers, the Bowen plaintiffs requested information concerning the settlement agreements to determine whether or not they should receive additional funds under the most favored nations clause of the Settlement Agreement. Alleging that the Giant Eagle defendants refused to provide sufficient information for them to determine whether the most favored nations clause had been violated and alleging breach of this clause, eighteen of the seventy original Bowen plaintiffs sued the Giant Eagle defendants in Illinois state court on September 26, 1997. This action was removed to the Northern District of Illinois where it is currently pending.

In response to the Illinois action, on October 6, 1997 Giant Eagle alone filed a motion in the Pennsylvania district

court that had initially approved the Settlement Agreement. This motion (the "motion to enforce") sought a declaration that the Giant Eagle defendants had satisfied their obligations under the Settlement Agreement and requested that the district court "enforce" its dismissal order of August 4, 1995. The Bowen plaintiffs responded by arguing, inter alia, that the district court lacked subject matter jurisdiction to consider the motion. In a January 13, 1998 order, the district court granted Giant Eagle's motion, holding that the Giant Eagle defendants had not breached the most favored nations clause and by "enforcing" its dismissal order of August 4, 1995. See In Re Phar-Mor, Inc. Sec. Litig., Civ. Action No. 92-1938 (W.D. Pa. Jan. 13, 1998). The court did not address the Bowen plaintiffs' arguments regarding subject matter jurisdiction. In a one-sentence March 3, 1998 order, the court denied the Bowen plaintiffs' motion for reconsideration. See In Re Phar-Mor, Inc. Sec. Litig., Civ. Action No. 92-1938 (W.D. Pa. March 3, 1998). The Bowen plaintiffs appealed to this court. We have jurisdiction pursuant to 28 U.S.C. S 1291 (1994).

DISCUSSION

Whether the district court possessed subject matter jurisdiction is an issue of law which this court reviews de novo. Cf. Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996); Hagestad v. Tragesser, 49 F.3d 1430, 1432 (9th Cir. 1995).

The Bowen plaintiffs argue that the district court improperly exercised jurisdiction over Giant Eagle's motion to enforce under Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994). The Bowen plaintiffs contend that under Kokkonen, the phrase "pursuant to the terms of the Settlement" in the dismissal order did not confer subject matter jurisdiction over enforcement of the Settlement Agreement because it was insufficient to incorporate the Agreement into the dismissal order. The Bowen plaintiffs further contend that the mere fact that the district court approved the Settlement Agreement is also an insufficient basis for subject matter jurisdiction over its enforcement. Giant Eagle responds that the district court's language was sufficient to incorporate the terms of the

6

Settlement Agreement into the dismissal order. Giant Eagle further asserts that even if this language is ambiguous, the court should defer to the intent of the court that entered the dismissal order. We understand Giant Eagle to argue that the district court's intent to retain subject matter jurisdiction was expressed when it ruled upon Giant Eagle's motion to enforce.

We agree with the Bowen plaintiffs that the district court lacked subject matter jurisdiction to rule on Giant Eagle's motion to enforce. In Kokkonen, the Supreme Court held that when a federal district court dismisses an action pursuant to a settlement agreement, that court lacks jurisdiction to enforce that settlement agreement unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction. See Kokkonen, 511 U.S. at 381-82. The Court provided explicit guidance as to the two ways in which a district court can make compliance with a settlement agreement part of a dismissal order, thereby ensuring that it would have subject matter jurisdiction to enforce a breach of that agreement:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal--either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here.

Id. at 381.

It was also not the case here. In view of Kokkonen, it is clear that the parties' obligation to comply with the Settlement Agreement was not made a part of the dismissal order. First, the dismissal order does not contain a provision "retaining jurisdiction" over the Settlement Agreement. Second, the district court did not incorporate the Settlement Agreement or any of its terms, including the

7

most favored nations clause, into the dismissal order. The phrase "pursuant to the terms of the Settlement" fails to incorporate the terms of the Settlement Agreement into the order because "[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order." Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995). As the Bowen plaintiffs correctly indicate, this view is shared by several of our sister circuits which have adhered strictly to Kokkonen in determining whether language in a dismissal order is sufficient to incorporate a settlement agreement. See Scelsa v. City Univ. of New York, 76 F.3d 37, 41 (2d Cir. 1996) (holding that "action is dismissed" is insufficient); Miener, 62 F.3d at 1128 (holding that "[a]ll matters . . . hav[e] been settled and resolved" is insufficient); Hagestad, 49 F.3d at 1432–1433 (holding that "action has been settled" is insufficient); Lucille v. City of Chicago, 31 F.3d 546, 548–49 (7th Cir. 1994) (holding that "entered in accordance with" the settlement agreement is insufficient). While the district court did approve the terms of the Settlement Agreement, the Supreme Court has made clear that mere approval of a settlement agreement does not confer subject matter jurisdiction to enforce that agreement. See Kokkonen, 511 U.S. at 381 ("The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order."); see also Miener, 62 F.2d at 1128 ("We do not believe the district court's approval of the settlement agreement is sufficient to confer ancillary jurisdiction under Kokkonen.")

Giant Eagle further argues that even if the phrase "pursuant to the terms of the Settlement" is ambiguous, we should defer to the expressed intention of the district court, since it is that court which is in the best position to determine whether it intended to retain jurisdiction over enforcement of the settlement agreement. We disagree, because under Kokkonen, unexpressed intent is insufficient to confer subject matter jurisdiction. Giant Eagle cites Scelsa in support of its argument, but in that case, as here, the court concluded that the district court did not have subject matter jurisdiction to enforce the settlement agreement because "[f]irst and most importantly, the Dismissal Order neither expressly retains jurisdiction over

8

the Agreement nor incorporates its terms." See Scelsa, 76 F.3d at 41 (emphasis added). The intent of the district court judge was considered only as a tertiary consideration, and was cited in support of the court's conclusion that the district court had not retained jurisdiction. See id. at 42. Giant Eagle's citation of Ford v. Neese is not persuasive, because the Seventh Circuit in that case held that the district court never "lost" jurisdiction over enforcement of the settlement agreement. See Ford v. Neese, 119 F.3d 560, 562 (7th Cir. 1997) ("The implication is that jurisdiction had never been lost--that it had been retained from the outset, in 1978, and never relinquished--to enable the settlement agreement to be enforced.").

The parties' remaining arguments principally address whether the district court denied Bowen due process when it ruled on Giant Eagle's motion to enforce. Because we conclude that the district court lacked subject jurisdiction to adjudicate the motion to enforce, we do not reach this issue.

CONCLUSION

Because the parties' obligation to comply with the Settlement Agreement was not made part of the dismissal order, and the district court did not otherwise possess an independent basis for jurisdiction, the district court lacked subject matter jurisdiction to rule on Giant Eagle's motion to enforce. We thus vacate the district court's order and remand with instruction to dismiss.

A True Copy:
Teste:

  Clerk of the United States Court of Appeals
  for the Third Circuit

9