

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2002

# Shaffer v. GTE N Inc

Precedential or Non-Precedential:

Docket 01-1486

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Shaffer v. GTE N Inc" (2002). *2002 Decisions.* Paper 224.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/224

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed March 28, 2002

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 01-1486
No. 01-1707

BRENDA L. SHAFFER,

Appellant

v.

GTE NORTH, INC.

Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 99-CV-01768)
District Judge: Honorable Sylvia H. Rambo

Argued February 7, 2002

Before: SLOVITER and AMBRO, Circuit Judges
and SHADUR,* District Judge

(Filed March 28, 2002)

Lawrence S. Markowitz (ARGUED)
Markowitz & Krevsky, P.C.
York, PA 17405-0392

 Attorney for Appellant

_____

 * Honorable Milton I. Shadur, United States District Court Judge for the
Northern District of Illinois, sitting by designation.


 James W. Kraus (ARGUED)
 DKW Law Group, P.C.
 Pittsburgh, PA 15219

 Attorney for Appellee

OPINION OF THE COURT

SHADUR, District Judge.

This consolidated appeal involves a variant of the
frequently-encountered situation in which litigants, having
agreed on the terms of a settlement but not having fully
implemented its terms, obtain a dismissal order from the
district court in the interim. Because such situations
continue to provide a trap for the unwary despite the
teaching of a unanimous 1994 Supreme Court decision
(and despite the earlier announcement of the selfsame
principles, plus the subsequent adherence to that teaching,

by this court), we write for publication here.

Background

Brenda Shaffer ("Shaffer") initiated this litigation by filing a seven-count complaint against her former employer GTE North, Inc. ("GTE"),[1] charging it with her allegedly wrongful discharge said to be actionable under various provisions of state and federal law. After reviewing the parties' submissions on cross-motions for summary judgment under Fed. R. Civ. P. ("Rule") 56, the district court granted GTE's motion as to all counts except Shaffer's gender-based disparate treatment claim. On November 13, 2000, the date the jury trial was set to begin, counsel for both parties told the court they had reached a settlement. After GTE's counsel described the terms of the settlement agreement on the record, the court engaged Shaffer and her then counsel James Harris in the following exchange:

> THE COURT: Is that your understanding, Ms. Shaffer?

---

1. Although GTE is now known as Verizon Communications, for purposes of this opinion we continue to refer to appellee as GTE.

2

> MS. SHAFFER: Yes.
>
> THE COURT: Are you satisfied with that?
>
> MR. HARRIS: Yes.

Then the judge entered this dismissal order ("November 13 Order"):

> Counsel having reported to the court that this action has been settled, IT IS HEREBY ORDERED THAT this action is dismissed without costs and without prejudice to the right, upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated.

Because Shaffer later refused to sign the written settlement agreement that had then been tendered by GTE, it returned to federal court requesting a conference. That conference led to the judge's entry of an order setting a time within which GTE could move to enforce the claimed settlement agreement, a motion that was then filed on the 60th day after entry of the dismissal order. That motion was granted on January 23, 2001, prompting Shaffer to file this appeal in which she argues that her counsel was not authorized to enter into the settlement.

Although neither party had posed the question whether the district court had subject matter jurisdiction to hear GTE's motion to enforce the asserted settlement agreement, nor had the district court focused on that issue, we raised

the matter sua sponte--as every court is obligated to do when subject matter jurisdiction is in question (Club Comanche, Inc. v. Gov't of the Virgin Islands, 278 F.3d 250, 255 (3d Cir. 2002)). At our direction counsel for the parties tendered supplemental submissions addressing the subject matter jurisdictional issue, and we consider that legal question de novo (In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 273 (3d Cir. 1999)).2

_____

2. We were told during oral argument that GTE has actually paid Shaffer and her original counsel $100,000 (that had been the number discussed and assertedly agreed upon during the parties' November 13 settlement conference). But that non-record information has not mooted the issue, for the litigants have not agreed as to whether Shaffer is entitled to retain that amount if their total dispute is not resolved to their mutual satisfaction.

Subject Matter Jurisdiction

There are of course perfectly understandable reasons for the current dismissal of an action once the parties have reached agreement on settlement, even though the implementation of the settlement may require something further in the way of documentation or payment or both. Once the litigants are satisfied that the case is resolved, the incurring of additional lawyer time and client expense in requiring counsel to return to court one or more times to cause the later entry of an order of dismissal or for other reasons may seem needless and wasteful to the parties. That is obviously the case even if only a single payment is called for after the final paperwork is completed, and it surely applies to the quite common type of settlement agreement that looks to a defendant's staged payments over a period of months or even longer.3

Little wonder, then, that Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994) commanded the agreement of a unanimous Supreme Court. There the parties to a federal action reached a settlement and executed a stipulation and order of dismissal with prejudice, which the district court signed without referring to the settlement agreement or reserving jurisdiction to enforce it. When a dispute then ensued about one of the parties' obligations under the settlement, the district court ordered enforcement of the settlement on the premise that it had the "inherent power" to do so. But the Supreme Court held the district court had neither ancillary jurisdiction nor inherent power to enforce the settlement (id. at 380-81). Instead a district court's power to do so

_____

3. We are troubled by the suggestion that has been voiced elsewhere (Otis v. City of Chicago, 29 F.3d 1159, 1163 (7th Cir. 1994)(en banc); Ford v. Neese, 119 F.3d 560, 562 (7th Cir. 1997) and King v. Walters, 190 F.3d 784, 786 (7th Cir. 1999)) that the practice of ordering the current dismissal of cases involving as-yet-incomplete settlements is prompted

by the district judges' concern over statistics--over the size of their calendars. None of those opinions was authored by a judge with district court experience--and for a studied response to that view, see the concurrence in Otis, 29 F.3d at 1171-73, written by a former district judge.

exists only if one of two specified actions had been taken at the time of dismissal (id. at 381):

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal--either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

We have explicitly followed Kokkonen in Phar-Mor, 172 F.3d at 274, where we held that the phrase "pursuant to the terms of the Settlement" in the dismissal order was insufficient to incorporate the terms of the settlement agreement and therefore did not confer subject matter jurisdiction over settlement enforcement. Because there was also no provision retaining jurisdiction in the Phar-Mor dismissal order, the district court there was held to have lacked subject matter jurisdiction (id.). Indeed, we had earlier anticipated the Kokkonen analysis and holding in Sawka v. Healtheast, Inc., 989 F.2d 138, 141 (3d Cir. 1993), decided a year before the Supreme Court had occasion to address the jurisdictional issue.

Phar-Mor is more than instructive as to the effect (or rather the lack of effect) of the precise language that was employed at the outset of the November 13 Order dismissing this action: "Counsel having reported to the court that this action has been settled. . . ." In that respect Phar-Mor, 172 F.3d at 274 holds, quoting Miener v. Missouri Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995), that "[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order." Moreover, Phar Mor , 172 F.3d at 174-75 adheres to Kokkonen's further holding that approval of a settlement agreement does not suffice to make the settlement part of the dismissal order. Because the dismissal order here began by simply adverting to the counsel-reported settlement without the incorporation of

any specific settlement terms, Phar-Mor  makes it crystal clear that the second Kokkonen exception does not apply.

As for the first Kokkonen exception, it is of course true

that the district court's November 13 Order left it open to
either party, "upon good cause shown, to reinstate the
action within sixty (60) days if the settlement is not
consummated." But reinstatement of an action, which
revives the underlying claim and sends the litigants back to
the original battlefield, is totally different from the
enforcement of the terms of a settlement agreement
because one of the parties has not complied with those
terms. As Kokkonen, 511 U.S. at 378 said:

> Enforcement of the settlement agreement, however,
> whether through award of damages or decree of
> specific performance, is more than just a continuation
> or renewal of the dismissed suit, and hence requires its
> own basis for jurisdiction.4

In this instance the district court's November 13 Order
did contemplate the possibility of reinstating the lawsuit if
the settlement had not been carried out. As Shaffer would
have it, that somehow conferred jurisdiction on the district
court to grant the entirely different relief of enforcing the
settlement agreement because a motion to that latter end
was brought within 60 days of the November 13 Order. But
that contention is at cross-purposes with the principles
announced in Kokkonen (as well as in our pre-Kokkonen
decision in Sawka and our post-Kokkonen  decision in Phar-
Mor), and we hold today that language in a dismissal order
providing for the reinstatement of an action if a settlement
agreement is not consummated does not satisfy the first

_____

4. Kokkonen, 511 U.S. at 378 referred to the holdings of some other
Courts of Appeals that Rule 60(b)(6) may sometimes be available to
reopen a dismissed suit where the agreement that was the basis for the
dismissal is breached. By contrast, we have held in Sawka, 989 F.2d at
140-41 that breach of a settlement agreement does not qualify as an
"extraordinary circumstance" as required to set aside a dismissal order
under Rule 60(b)(6). But that difference of views is truly a non-issue, for
the reason next stated in the text.

Kokkonen precondition for the enforcement of the
settlement agreement itself.5

Shaffer's counsel has argued, both in response to our
request for supplemental briefing and at oral argument,
that the district court had inherently retained jurisdiction
through such on-the-record statements as "[t]he case is
closed unless either party for some reason needs to reopen
the case." But once again that looked to possible
reinstatement (as the November 13 Order confirmed) and
not to enforcement, and Kokkonen, 511 U.S. at 380 rejected
any such resort to notions of "inherent power" as surviving
a dismissal order. Nor will it do to point to the district
court's December 21, 2000 order that invited GTE t o file a
motion to enforce the settlement agreement as somehow
implying that there had initially been an unvoiced intention
to retain jurisdiction for a purpose so different from the one

actually articulated in the November 13 Order. Phar-Mor, 172 F.3d at 275 makes it clear that such "unexpressed intent is insufficient to confer subject matter jurisdiction."

Conclusion

Because neither condition for the exercise of ancillary jurisdiction as identified in Kokkonen was met here, we hold that the district court lacked subject matter jurisdiction to rule on GTE's motion to enforce the settlement agreement.6 Accordingly we VACATE the district

_____

5. In Metro-Goldwyn Mayer, Inc. v. 007 Safety Prods., Inc., 183 F.3d 10 (1st Cir. 1999)(where the district court had "conditionally dismissed the case, subject to its reopening in the event the settlement was not consummated within sixty days," id. at 13), the First Circuit held that conditional dismissal amounted to an express retention of jurisdiction over the entire settlement agreement such as to satisfy Kokkonen (id. at 14). Because we view the district court's quite different language in our case--an outright dismissal subject to the possibility of future reinstatement (but not to future enforcement of the settlement itself)--as not susceptible to such a reading, we need not address whether we would be inclined to agree with the First Circuit's conclusion under the circumstances that were before it.

6. This holding is of course without prejudice to the pursuit of whatever rights and obligations the parties may have in a state court of competent jurisdiction.

7

court's January 23, 2001 order, thus leaving in place the November 13 Order of dismissal. It can only be hoped that this reconfirmation of basic jurisdictional principles that have been firmly established for almost a decade will avoid any further repetition in other cases of the painful lesson taught here.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

8