

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-8-2005

# Lepre v. Tolerico

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Lepre v. Tolerico" (2005). *2005 Decisions.* Paper 140.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/140

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4179
_____

GERALD STEVEN LEPRE,
Appellant
v.

JOHN TOLERICO; DOROTHY CERMINARO; MCGRAW; RICHARD GLADYS;
PATRICK LUONGO; LACKAWANNA COUNTY GOVERNMENT; WALTER
CARLSON;BRIAN KOSCH; JANE DOE; JOHN DOE; CHESTER HARHUT; JAY
SAUNDERS;FRANK CHIARELLI; ROBERT HILBORN; THOMAS GILHOOLEY;
*MARK W.EVERSON, Commissioner of the Internal Revenue Service

*(Pursuant to Clerk's Order dated 2/28/05)
_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 98-cv-00030)
District Judge: A. Richard Caputo
_____

Submitted Under Third Circuit LAR 34.1(a)
DECEMBER 1, 2005

Before:   SLOVITER, SMITH AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>

(Filed: December 8, 2005)
_____

OPINION
_____

PER CURIAM

Gerald Steven Lepre, Sr., appeals from orders of the United States District Court for the Middle District of Pennsylvania entered in this civil rights action that dismissed his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) as to certain defendants and granted summary judgment in favor of the remaining defendants.

Lepre alleges that Tolerico, a hearing officer of the Lackawanna County Family Court, filed a Petition for Attachment for Contempt and Rule to Show Cause and Court Order to Appear," representing that Lepre owed over $5,000 in child support. Judge Harhut issued a Rule to Show Cause and Court Order to Appear, and then issued a bench warrant when Lepre failed to appear for the civil contempt hearing. Lepre claims that his civil rights were violated when Carlson, Kosch, and McGraw, employees of the Domestic Relations Section of the Lackawanna County Family Court, and two members of the District Attorneys' Office arrested him illegally on the bench warrant. He asserts that, upon this unlawful arrest, he was wrongfully incarcerated at the Lackawanna County jail for five days, in violation of his civil rights. Lepre claims that the civil contempt hearing itself, presided over by Judge Harhut, was not conducted in accordance with Pennsylvania law, because he was not given assistance of counsel. At the close of the hearing, at which defendant Gladys presented the case against Lepre, Judge Harhut issued an order remanding Lepre to jail for a period not to exceed six (6) months or until he met his outstanding child support obligations. Lepre ended up serving the entire six months in jail; he was released on August 15, 1996. Lepre also sued the Commissioner of the IRS,

claiming that the IRS seized his private property without due process when it transferred his income tax refund directly to the Domestic Relations Agency for payment of past due child support.[1] Lepre sought damages and the return of his income tax refund.

Defendants Harhut and Rossotti, then Commissioner of the IRS, filed motions to dismiss, claiming absolute judicial immunity and lack of jurisdiction, respectively. The remaining defendants filed a motion for summary judgment, arguing that Lackawanna County was not liable on a theory of respondeat superior and that all of the individual defendants enjoyed quasi-judicial immunity for their part in executing a facially valid bench warrant. On August 12, 1998, the District Court dismissed the Complaint as to Defendants Harhut and Rossotti.

A year later, the District Court granted summary judgment in favor of the Lackawanna County defendants. The District Court held that municipal liability could not attach absent an allegation that a County policy or custom had caused Lepre's injuries, because the County could not be sued on a theory of respondeat superior. The District Court held that hearing officer Tolerico and the Domestic Relations Section defendants enjoyed quasi-judicial immunity in connection with Lepre's arrest pursuant to the bench warrant. On October 4, 2004, the District Court dismissed the remainder of Lepre's case after Lepre settled his claims against the correctional officer defendants. Lepre filed a timely appeal.

_____

[1] Lepre also sued a number of correctional officers at the Lackawanna County prison for various civil rights violations.

3

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the district court's orders. See In re Phar-Mor, Inc. Securities Litig., 172 F.3d 270 (3d Cir. 1999)(dismissal for want of subject matter jurisdiction); Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001)(dismissal pursuant to Rule 12(b)(6)); Pub. Interest Research Group of N.J., Inc. v. Powell Duffryn Terminals, Inc., 913 F.2d 64 (3d Cir. 1990)(summary judgment). In reviewing a dismissal under Rule 12(b)(6), we accept as true all factual allegations in the complaint and will affirm only if it is certain that no relief can be granted under any set of facts which could be proved. Steamfitters Local Union No. 420 Welfare Fund v. Phillip Morris Inc., et al., 171 F.3d 912, 919 (3rd Cir. 1999). We exercise plenary review of an order granting summary judgment, viewing the facts in the light most favorable to the nonmoving party and drawing all inferences in that party's favor. See Reitz v. County of Bucks, 125 F.3d 139, 143 (3d Cir. 1997).

We will affirm for substantially the same reasons set forth in the District Court's opinions. We agree with the District Court's holding and reasoning with respect to the claims asserted against defendants Harhut, Rossotti, and Lackawanna County, and thus will confine our comments to the question whether summary judgment was proper as to the remaining defendants.

Lepre protests that the bench warrant was defective because it conflicted with the language of the Petition for Attachment for Contempt and Rule to Show Cause and Court Order to Appear. As the District Court concluded, however, the Petition's "Rule to Show Cause" expressly ordered the defendant, "Gerald Lepre," to appear, warning that

4

"[f]ailure to appear will cause a Bench Warrant to be issued directing the Warrant Division of the Domestic Relations Section and the Office of District Attorney to apprehend you and bring you to Court." We find nothing in the Petition or the bench warrant that rendered the warrant facially defective. Because defendants Carlson, Kosch, and McGraw acted pursuant to a valid bench warrant directing them to apprehend Lepre and to incarcerate him at the Lackawanna County Jail, they are entitled to absolute immunity. See Waits v. McGowan, 516 F.2d 203, 206-07 (3d Cir. 1975).

We agree with the District Court's conclusion that quasi-judicial immunity bars Lepre's suit against Tolerico, Cerminaro, Gladys, and Luongo, but for different reasons. None of these defendants participated in Lepre's arrest. However, these defendants, all of whom are officers of the Domestic Relations Section of the Family Court of Lackawanna County, are entitled to quasi-judicial immunity for their actions in filing the Petition enforcing the Family Court's support order in accordance with Pennsylvania Rule of Civil Procedure 1910.25. See Gallas v. Supreme Court of Pennsylvania, 211 F.3d 760, 772-73 (3d Cir. 2000); see also Lockhart v. Hoenstine, 411 F.2d 455, 460 (3d Cir. 1969).

We have carefully reviewed the remainder of Lepre's arguments in support of his appeal and find them to be meritless. The District Court was under no obligation to allow Lepre to amend his complaint in the absence of a motion accompanied by a proposed amended complaint.

For the foregoing reasons, we will affirm the District Court's judgment.

5