

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-16-2009

# Richard Coppola Jr. v. Travelers Indemnity

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-2885

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Richard Coppola Jr. v. Travelers Indemnity" (2009). *2009 Decisions.* Paper 1739.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1739

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-2885
_____

RICHARD J. COPPOLA, JR.,
Appellant
v.

TRAVELERS INDEMNITY COMPANY,
d/b/a St. Paul Travelers

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:07-cv-00039)
District Judge:  Honorable Harvey Bartle, III

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 10, 2009
Before:  Chief Judge SCIRICA, CHAGARES and WEIS, Circuit Judges
Opinion filed

_____

OPINION

_____

PER CURIAM.

Richard Coppola, proceeding pro se, appeals the order of the United States

District Court for the Eastern District of Pennsylvania denying both his motion to vacate

the court's order of dismissal and his motion to strike the affidavit of his former counsel.

1

For the reasons that follow, we will affirm.

In December 2006, Coppola, who held a homeowner's insurance policy with Travelers Indemnity Company ("Travelers"), commenced the instant action by filing a pro se complaint against Travelers in the Bucks County Court of Common Pleas. Travelers removed the case to the Eastern District of Pennsylvania. Coppola retained counsel, who filed an amended complaint for compensatory and punitive damages, alleging that Travelers wrongfully denied Coppola's January 2006 insurance claim for repairs to his roof and unreasonably increased his insurance premium.

It appears that in August 2007 the parties tentatively reached a settlement, but that a breakdown in the attorney-client relationship between Coppola and his counsel, Steven and Andrew Cotlar, stalled efforts to finalize the agreement. In September 2007, the Cotlars moved to withdraw, which the court granted shortly thereafter. Coppola proceeded pro se going forward.

Despite the lack of an executed settlement agreement, both parties seemed to believe that they had reached a settlement, although there was some disagreement as to the terms. In November 2007, Coppola and Travelers each filed a motion to enforce their respective versions of the settlement. As these motions were pending, the parties executed a written settlement agreement on March 5, 2008. The court was notified of the settlement that same day, and in turn entered an order dismissing the case with prejudice

2

pursuant to Local Rule 41.1(b).[1] The order did not recite the terms of the settlement or express the court's intent to retain jurisdiction over the settlement's enforcement; rather, it noted merely that the court was informed that the parties had reached a settlement.

On March 31, 2008, Coppola filed a motion to vacate the court's order of dismissal. He argued that the settlement included a requirement – a requirement not contained in the written agreement – that the Cotlars return the entire case file (apart from documents containing confidential information as to Travelers) to Coppola. Coppola asserted that the Cotlars had provided only a portion of the case file and that the settlement was therefore null and void. Coppola sought monetary sanctions against Steven Cotlar, as well as a redrafting of the settlement agreement to include both the above-noted provision and a provision requiring Steven Cotlar to provide a signed affidavit stating that he had surrendered the entire case file and not retained any copies of the file's contents.

---

[1] Local Rule 41.1(b) states:

Whenever in any civil action counsel shall notify the Clerk or the judge to whom the action is assigned that the issues between the parties have been settled, the Clerk shall, upon order of the judge to whom the case is assigned, enter an order dismissing the action with prejudice, without costs, pursuant to the agreement of counsel. Any such order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal.

3

Travelers opposed Coppola's motion, arguing that, because the case file issue was not part of the settlement agreement but instead an ancillary dispute between Coppola and his former counsel, reopening the case was unwarranted. Additionally, Travelers filed an affidavit signed by Steven Cotlar, which stated that he had provided Coppola with a copy of the case file, less only the confidential Travelers documents. In response, Coppola filed a motion to strike the affidavit, arguing that it was false.

On May 28, 2008, the District Court denied Coppola's motion to vacate and motion to strike. Coppola appealed this order on June 25, 2008. In a letter received by this Court on July 14, 2008, Coppola confirmed that he was indeed appealing the May 28 order. Yet, Coppola states in his brief that he is appealing not only this order, but also the District Court's March 5 order of dismissal. That Coppola did not file his motion to vacate within 10 days of the order of dismissal gives us pause when considering whether we have appellate jurisdiction over the March 5 order. Given that Coppola does not seem to contest that the parties had reached *a* settlement – which is all that is reflected in the March 5 order – we understand his argument as contesting the District Court's failure to reopen the case to address the case file issue. Accordingly, this appeal turns on a review of the District Court's May 28 order.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and review the District Court's decision denying the reopening of Coppola's case for abuse of discretion. See Reform Party v. Allegheny County Dep't of Elections, 174 F.3d 305, 311

4

(3d Cir. 1999) (articulating standard for review of motion pursuant to Fed. R. Civ. P. 60(b)).  A district court abuses its discretion when its decision is based on "a clearly erroneous finding of fact, an erroneous legal conclusion, or an improper application of law to fact."  United States v. Allegheny Ludlum Corp., 366 F.3d 164, 177 (3d Cir. 2004).

Coppola has failed to establish that the District Court abused its discretion in denying his motion to vacate the court's order of dismissal.  The court's order of dismissal did not recite the terms of the settlement, nor did it indicate the court's intent to retain jurisdiction over the settlement after the case's dismissal.  Accordingly, to the extent Coppola's motion to vacate sought the District Court's enforcement of Coppola's version of the settlement agreement, the court lacked jurisdiction to provide this relief.  See Sawka v. Healtheast, Inc., 989 F.2d 138, 141 (3d Cir. 1993) (holding that a district court does not have the authority to enforce a settlement agreement that "is the basis of, but not incorporated into, an order or judgment of the court"); see also In re Phar-Mor, Inc. Sec. Litig., 172 F.3d 270, 274 (3d Cir. 1999) (stating that a "dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order" (quoting Miener v. Mo. Dep't of Mental Health, 62 F.3d 1126, 1128 (8th Cir. 1995))).

To the extent the District Court had jurisdiction to provide any of the relief sought by Coppola in his motion to vacate, he failed to demonstrate cause for reopening the case under Local Rule 41.1(b) or Fed. R. Civ. P. 60(b).  Although Coppola argued that

5

the return of his case file was a condition of the settlement, the executed agreement directly undermines his position. The agreement does not contain this provision and clearly states that the terms of the settlement are limited to those contained in the agreement itself. Coppola now seems to have abandoned his argument, as his brief does not even mention the case file issue, instead arguing that the version of the settlement referenced in his November 2007 motion to enforce – which did not address the case file issue – is the version of the settlement that should be enforced.[2]  In any event, even if the case file provision was part of the settlement, Coppola did not provide enough evidence that the provision was unfulfilled to render the court's denial of his motion to vacate and motion to strike Steven Cotlar's affidavit an abuse of discretion.

Accordingly, we will affirm the District Court's denial of Coppola's motion to vacate and motion to strike.

---

[2]  It is curious as to why Coppola now seeks the enforcement of the version of the settlement referenced in his motion to enforce. This version of the settlement contained two provisions, both of which were included in the executed written agreement, and both of which appear to have already been fulfilled by the parties. In any event, Coppola did not raise this argument in his motion to vacate and therefore has waived this argument on appeal. See, e.g., Gass v. V.I. Tel. Corp., 311 F.3d 237, 246 (3d Cir. 2002).