**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 14-1992

_____

SYDNEY BLUM,
Appellant

v.

THE UNIVERSITY OF PENNSYLVANIA

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. Action No. 2-12-cv-00313)
District Judge: Honorable Mitchell S. Goldberg

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 24, 2015

_____

Before: HARDIMAN, GREENAWAY, JR., and KRAUSE, *Circuit Judges*.

(Opinion Filed:  May 8, 2015)

_____

OPINION*

_____

_____

   * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Sydney Blum appeals the District Court's Order denying Blum's motion to vacate dismissal and reinstate her complaint, and its Order denying Blum's motion for reconsideration. Blum claims Appellee the University of Pennsylvania ("Penn") violated the parties' settlement agreement by treating Blum unfairly at a disciplinary hearing. The District Court denied Blum's motions on the merits. Finding no abuse of discretion, we will affirm.

## I. Background

Blum, an undergraduate student at Penn, was charged with violating the University's Code of Academic Integrity ("CAI") after an exam proctor confiscated written notes from Blum while she was taking an exam. As a result of a panoply of mental and physical disabilities, Blum was allowed to take the exam in a private testing room and was provided with scrap paper. Blum asserts that, upon receiving the exam, she immediately used a sheet of scrap paper to engage in "mind dumping," a technique in which students immediately write down a number of pieces of information that they believe will be covered on an exam. However, an hour after the exam commenced, the proctor, Arthur Levy, informed Blum that he believed she was using an unauthorized "cheat sheet." Specifically, Levy claimed that Blum had notes on a sheet of scrap paper which he had not provided to her.

Penn's Office of Student Conduct ("OSC") subsequently scheduled a disciplinary hearing. Blum requested accommodations for the hearing. These requests were denied by Penn. Prior to the scheduled hearing, Blum filed the instant suit in the District Court,

2

alleging that, inter alia, Penn refused to offer her reasonable accommodations in the disciplinary process and had applied its disciplinary process to her in a manner that was fundamentally unfair.

Following a hearing before the District Court, the parties entered into a settlement agreement that put forth agreed upon terms for the disciplinary hearing. The District Court dismissed the action under its Local Rule of Civil Procedure 41.1(b) ("Local Rule 41.1(b)"). Penn conducted the disciplinary hearing. The hearing panel found Blum responsible for the charges and recommended issuing her a letter of warning as a sanction.

After the hearing panel made its recommendation, Blum moved the District Court to vacate the Order of dismissal and reinstate her complaint, arguing that Penn had violated both the express terms of the settlement agreement and an implied condition that the hearing would be conducted in a fundamentally fair manner. The District Court denied Blum's motion, as well as her subsequent motion for reconsideration.

## II. Discussion[1]

Blum argues that the District Court abused its discretion[2] in finding that: (1) Penn had no obligation to treat Blum fairly during the hearing and; (2) Penn's treatment of Blum at the hearing was fair. The District Court assumed arguendo that "the fairness of

---

[1] The District Court had jurisdiction over Blum's federal claims under 28 U.S.C. § 1331 and her state-law claim under 28 U.S.C. § 1367. We find no merit to Blum's argument that the District Court lacked jurisdiction over Blum's motions to vacate and for reconsideration. This Court's review of subject matter jurisdiction is de novo. *Emerald Investors Trust v. Gaunt Parsippany Partners*, 492 F.3d 192, 197 (3d Cir. 2007) (citing *In re Phar-Mor, Inc. Litig.*, 172 F.3d 270, 273 (3d Cir. 1999)). Local Rule 41.1(b) expressly provides that an "order of dismissal may be vacated, modified, or stricken from the record, for cause shown, upon the application of any party served within ninety (90) days of the entry of such order of dismissal." Within ninety days of the District Court's Order dismissing Blum's case, Blum moved the District Court to extend jurisdiction for an additional ninety days. The District Court granted Blum's motion, and Blum filed a timely motion to vacate the Order of dismissal on the basis that Penn had breached the parties' settlement agreement. Nevertheless, Blum argues that the District Court did not have jurisdiction over her motion to vacate, and her subsequent motion for reconsideration.

Blum's reliance on *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), is unavailing. As Blum notes, the Court in *Kokkonen* held that the *enforcement of a settlement agreement* is not a continuation of a dismissed suit, and requires its own basis for subject matter jurisdiction (i.e., the incorporation of the parties' settlement agreement into the dismissal order or the express preservation of jurisdiction to enforce it). *Id.* at 378. However, *Kokkonen* expressly distinguished that situation from the one before us: "[i]t must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal." *Id.* Accordingly, the District Court had jurisdiction over Blum's motions to vacate and for reconsideration.

[2] We have jurisdiction under 28 U.S.C. § 1291. This Court "review[s] denials of motions for relief from judgment for abuse of discretion." *Renda v. King*, 347 F.3d 550, 553 (3d Cir. 2003) (citation omitted).

the hearing was an implicit, unspoken term of the settlement agreement;"[3] this Court will operate under the same assumption here.

On appeal, Blum argues that Penn treated her unfairly by: (1) not providing her with certain documents until after the disciplinary hearing was over; (2) refusing to allow the hearing panel to question Dr. Neta Zach, the exam course professor, further about her testimony; (3) engaging in prosecutorial-type conduct at the hearing; (4) applying an incorrect burden of proof that was not clear and convincing evidence at the hearing; and (5) denying Blum reasonable and meaningful access to the recording of the disciplinary hearing. We find no merit to Blum's arguments. For all of the reasons given by the District Court in its thorough and well-reasoned opinions, we agree that the denial of Blum's motions was appropriate.

### III. Conclusion

The District Court did not abuse its discretion in denying Blum's motions to vacate and for reconsideration. Accordingly, we will affirm the rulings of the District Court.

---

[3] *Blum v. Univ. of Pa.*, No. 12-313, 2013 WL 3061339, at *9 (E.D. Pa. June 19, 2013).