NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1461
_____

UTILITY WORKERS UNITED ASSOCIATION, LOCAL 537,
an unincorporated association, by J. Kevin Booth, its Trustee ad Litem,

Appellant

v.

PENNSYLVANIA AMERICAN WATER COMPANY,
a Corporation

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-19-cv-00580)
District Judge: Honorable Cathy Bissoon

_____

Argued: September 29, 2020

Before: SHWARTZ, PHIPPS, and SCIRICA, *Circuit Judges*

(Filed: December 18, 2020)

Samuel J. Pasquarelli [ARGUED]
Sherrard German & Kelly
535 Smithfield Street
Suite 300
Pittsburgh, PA 15222

*Counsel for Appellant*

Craig M. Brooks [ARGUED]
Houston Harbaugh
401 Liberty Avenue
22nd Floor, Three Gateway Center
Pittsburgh, PA 15222

 *Counsel for Appellee*

———————————

## OPINION[*]

———————————

**SCIRICA**, *Circuit Judge*

Utility Workers United Association, Local 537 (the "Association") brought this action alleging Pennsylvania American Water Company ("PAWC") breached the terms of two contracts. PAWC contends the trial court lacked jurisdiction to hear this case and, alternatively, the Association failed to state a claim because the contracts at issue are null and void. While we disagree with PAWC on the question of jurisdiction, we agree that the Association has failed to state a claim. Accordingly, we will affirm the trial court's grant of PAWC's motion to dismiss.

### I.

The Association, a labor organization, is the exclusive bargaining representative for certain employees of PAWC. These employees were previously represented by System Local 537 of the Utility Workers Union of America, AFL-CIO ("Former

———————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Union"). PAWC and the Former Union entered into collective-bargaining agreements—the contracts at issue in this case.

On March 19, 2018, the employees covered by the contracts determined to disaffiliate from the Former Union and affiliate with the Association as their exclusive bargaining representative.

Later, employees filed petitions with the National Labor Relations Board seeking to decertify the Former Union and to have the Association certified as their exclusive bargaining representative. In December 2018, the NLRB held elections on the petitions, resulting in the Association's certification as the exclusive bargaining representative for the employees. Once the Association was certified, PAWC refused to honor the contracts it entered into with the Former Union. PAWC contends the certification rendered the contracts between it and the Former Union null and void, creating an obligation for the Association to bargain with PAWC for a new contract.

The Association commenced this litigation, and PAWC filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The trial court granted the motion to dismiss based on lack of subject matter jurisdiction. This appeal followed.[1]

---

[1] We have appellate jurisdiction under 28 U.S.C. § 1291.

**II.**

**A.**

The question of whether the trial court had subject matter jurisdiction is an issue of law we review de novo. *In re Phar–Mor, Inc. Sec. Litig.*, 172 F.3d 270, 273 (3d Cir. 1999). Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, provides United States district courts with jurisdiction over suits for violations of contracts between an employer and a labor organization. PAWC contends there is no jurisdiction under § 301 because there is no labor contract between the parties. We disagree. Section 301 "confers jurisdiction on a district court to determine the existence of a collective bargaining agreement." *Mack Trucks, Inc. v. Int'l Union, UAW*, 856 F.2d 579, 590 (3d Cir. 1988); *see also Pittsburgh Mack Sales & Serv., Inc. v. Int'l Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 189 (3d Cir. 2009) ("[T]he existence of a contract is not a jurisdictional element of a section 301 claim."). Accordingly, the trial court had subject matter jurisdiction under § 301.[2]

---

[2] The trial court, by virtue of adopting Magistrate Judge Lenihan's report, found it lacked jurisdiction because, in order to determine the contract issue, it would have to determine an issue of representation—whether the Association was a successor to the Former Union—which it believed was within the NLRB's exclusive jurisdiction. We find, however, that the well-pleaded facts show the representation question was already settled through an NLRB representation election.

**B.**

The issue of the plausibility of the Association's claims also came before us on appeal, and we now consider PAWC's 12(b)(6) motion.[3] In analyzing a 12(b)(6) motion to dismiss, we accept as true the well-pleaded facts of the amended complaint and disregard legal conclusions. *Davis v. Wells Fargo*, 824 F.3d 333, 341, 351 (3d Cir. 2016).[4]

In order to state a claim for breach of contract against PAWC under § 301, the Association must allege facts demonstrating the existence of a contract in effect between the parties at the time of the alleged breach. *See* 29 U.S.C. § 185; *Pittsburgh Mack*, 580 F.3d at 190.[5] The Association premises this action on the contracts executed between PAWC and the Former Union. But the well-pleaded facts show that those contracts became null and void prior to the alleged breaches.

A contract between a former union and an employer becomes null and void when a challenging union prevails against the former union in an NLRB representation election

---

[3] Though the trial court granted the motion to dismiss on jurisdictional grounds, we may affirm on any basis supported by the record. *Davis v. Wells Fargo*, 824 F.3d 333, 350 (3d Cir. 2016) (citing *Guthrie v. Lady Jane Collieries, Inc.*, 722 F.2d 1141, 1144–45 (3d Cir. 1983)).

[4] Additionally, we "construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Pittsburgh Mack*, 580 F.3d at 192 (quoting *McTernan v. City of York, Pa.,* 564 F.3d 636, 646 (3d Cir. 2009)).

[5] The Association contends in its complaint that it is party to contracts with PAWC by nature of being a successor to the Former Union. We disregard the Association's legal conclusions regarding its successor status.

and the challenging union is certified as the new collective-bargaining representative of the employer's employees. *RCA Del Caribe, Inc.*, 262 NLRB 963, 966 (1982); *see More Truck Lines*, 336 NLRB 772, 773 (2001) ("[I]f a challenging union is certified, then the *contract* between the employer and the incumbent becomes void . . . .") *enfd.*, 324 F.3d 735 (D.C. Cir. 2003).

Here, the Association prevailed over the Former Union in the NLRB representation elections and was certified as the new collective-bargaining representative of the relevant employees. Upon the Association's certification, the contracts executed between PAWC and the Former Union became null and void.[6] Once the contracts became null and void, PAWC refused to honor them moving forward. Because PAWC cannot breach a contract that is null and void, we will affirm the court's order on the ground that the Association failed to state a claim.

## III.

For the reasons provided, we will affirm the dismissal.

---

[6] The National Labor Relations Board reached the same conclusion in NLRB Case No. 06-CB-235968. The NLRB case began when, pursuant to a charge PAWC filed with the NLRB, the General Counsel issued a complaint alleging, among other things, that the Association violated § 8(b)(3) of the National Labor Relations Act by failing to bargain with PAWC for an initial contract. *See* NLRB Case No. 06-CB-235968**; J.A. 199A**. The Association argued that it should not have to bargain for an initial contract because it is a successor to the Former Union with the option of accepting the Former Union's contracts with PAWC. **Supp. J.A. 232A.** PAWC filed a motion for partial summary judgment on the effect of the Association's NLRB election and certification as bargaining representative. **Supp. J.A. 232A.** On June 8, 2020, the NLRB issued a decision holding that the collective-bargaining agreements between PAWC and the Former Union were voided by the Association's post-election certification. **Supp. J.A. 232A-234A.** Though we reach the same conclusion, we do not rely on the NLRB decision.