Brenda L. SHAFFER, Appellant,

v.

GTE NORTH, INC.

Nos. 01–1486, 01–1707.

United States Court of Appeals,
Third Circuit.

Argued Feb. 7, 2002.

Filed March 28, 2002.

Lawrence S. Markowitz (Argued), Markowitz & Krevsky, P.C., York, PA, for Appellant.

James W. Kraus (Argued), DKW Law Group, P.C., Pittsburgh, PA, for Appellee.

Before SLOVITER and AMBRO, Circuit Judges and SHADUR, District Judge.*

* Honorable Milton I. Shadur, United States District Court Judge for the Northern District of Illinois, sitting by designation.

## OPINION OF THE COURT

SHADUR, District Judge.

This consolidated appeal involves a variant of the frequently-encountered situation in which litigants, having agreed on the terms of a settlement but not having fully implemented its terms, obtain a dismissal order from the district court in the interim. Because such situations continue to provide a trap for the unwary despite the teaching of a unanimous 1994 Supreme Court decision (and despite the earlier announcement of the selfsame principles, plus the subsequent adherence to that teaching, by this court), we write for publication here.

### Background

Brenda Shaffer ("Shaffer") initiated this litigation by filing a seven-count complaint against her former employer GTE North, Inc. ("GTE"),[1] charging it with her allegedly wrongful discharge said to be actionable under various provisions of state and federal law. After reviewing the parties' submissions on cross-motions for summary judgment under Fed.R.Civ.P. ("Rule") 56, the district court granted GTE's motion as to all counts except Shaffer's gender-based disparate treatment claim. On November 13, 2000, the date the jury trial was set to begin, counsel for both parties told the court they had reached a settlement. After GTE's counsel described the terms of the settlement agreement on the record, the court engaged Shaffer and her then counsel James Harris in the following exchange:

THE COURT: Is that your understanding, Ms. Shaffer?

MS. SHAFFER: Yes.

1. Although GTE is now known as Verizon Communications, for purposes of this opinion we continue to refer to appellee as GTE.

THE COURT: Are you satisfied with that?

MR. HARRIS: Yes.

Then the judge entered this dismissal order ("November 13 Order"):

Counsel having reported to the court that this action has been settled, IT IS HEREBY ORDERED THAT this action is dismissed without costs and without prejudice to the right, upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated.

Because Shaffer later refused to sign the written settlement agreement that had then been tendered by GTE, it returned to federal court requesting a conference. That conference led to the judge's entry of an order setting a time within which GTE could move to enforce the claimed settlement agreement, a motion that was then filed on the 60th day after entry of the dismissal order. That motion was granted on January 23, 2001, prompting Shaffer to file this appeal in which she argues that her counsel was not authorized to enter into the settlement.

 Although neither party had posed the question whether the district court had subject matter jurisdiction to hear GTE's motion to enforce the asserted settlement agreement, nor had the district court focused on that issue, we raised the matter sua sponte—as every court is obligated to do when subject matter jurisdiction is in question (*Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F.3d 250, 255 (3d Cir.2002)). At our direction counsel for the parties tendered supplemental submissions addressing the subject matter jurisdictional issue, and we consider that legal question de novo (*In re Phar-Mor, Inc. Sec. Litig.*, 172 F.3d 270, 273 (3d Cir.1999)).[2]

### Subject Matter Jurisdiction

There are of course perfectly understandable reasons for the current dismissal of an action once the parties have reached agreement on settlement, even though the implementation of the settlement may require something further in the way of documentation or payment or both. Once the litigants are satisfied that the case is resolved, the incurring of additional lawyer time and client expense in requiring counsel to return to court one or more times to cause the later entry of an order of dismissal or for other reasons may seem needless and wasteful to the parties. That is obviously the case even if only a single payment is called for after the final paperwork is completed, and it surely applies to the quite common type of settlement agreement that looks to a defendant's staged payments over a period of months or even longer.[3]

---

**2.** We were told during oral argument that GTE has actually paid Shaffer and her original counsel $100,000 (that had been the number discussed and assertedly agreed upon during the parties' November 13 settlement conference). But that non-record information has not mooted the issue, for the litigants have not agreed as to whether Shaffer is entitled to retain that amount if their total dispute is not resolved to their mutual satisfaction.

**3.** We are troubled by the suggestion that has been voiced elsewhere (*Otis v. City of Chicago*, 29 F.3d 1159, 1163 (7th Cir.1994)(en banc); *Ford v. Neese*, 119 F.3d 560, 562 (7th Cir. 1997) and *King v. Walters*, 190 F.3d 784, 786 (7th Cir.1999)) that the practice of ordering the current dismissal of cases involving as-yet-incomplete settlements is prompted by the district judges' concern over statistics—over the size of their calendars. None of those opinions was authored by a judge with district court experience—and for a studied response to that view, see the concurrence in *Otis*, 29 F.3d at 1171–73, written by a former district judge.

Little wonder, then, that *Kokkonen v. Guardian Life Insurance Co. of America,* 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) commanded the agreement of a unanimous Supreme Court. There the parties to a federal action reached a settlement and executed a stipulation and order of dismissal with prejudice, which the district court signed without referring to the settlement agreement or reserving jurisdiction to enforce it. When a dispute then ensued about one of the parties' obligations under the settlement, the district court ordered enforcement of the settlement on the premise that it had the "inherent power" to do so. But the Supreme Court held the district court had neither ancillary jurisdiction nor inherent power to enforce the settlement (*id.* at 380–81, 114 S.Ct. 1673). Instead a district court's power to do so exists only if one of two specified actions had been taken at the time of dismissal (*id.* at 381, 114 S.Ct. 1673):

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist.

We have explicitly followed *Kokkonen* in *Phar–Mor,* 172 F.3d at 274, where we held that the phrase "pursuant to the terms of the Settlement" in the dismissal order was insufficient to incorporate the terms of the settlement agreement and therefore did not confer subject matter jurisdiction over settlement enforcement. Because there was also no provision retaining jurisdiction in the *Phar–Mor* dismissal order, the district court there was held to have lacked

subject matter jurisdiction (*id.*). Indeed, we had earlier anticipated the *Kokkonen* analysis and holding in *Sawka v. Healtheast, Inc.,* 989 F.2d 138, 141 (3d Cir. 1993), decided a year before the Supreme Court had occasion to address the jurisdictional issue.

■ *Phar–Mor* is more than instructive as to the effect (or rather the lack of effect) of the precise language that was employed at the outset of the November 13 Order dismissing this action: "Counsel having reported to the court that this action has been settled. . . ." In that respect *Phar–Mor,* 172 F.3d at 274 holds, quoting *Miener v. Missouri Dep't of Mental Health,* 62 F.3d 1126, 1128 (8th Cir.1995), that "[a] dismissal order's mere reference to the fact of settlement does not incorporate the settlement agreement in the dismissal order." Moreover, *Phar–Mor,* 172 F.3d at 274–75 adheres to *Kokkonen*'s further holding that approval of a settlement agreement does not suffice to make the settlement part of the dismissal order. Because the dismissal order here began by simply adverting to the counsel-reported settlement without the incorporation of any specific settlement terms, *Phar–Mor* makes it crystal clear that the second *Kokkonen* exception does not apply.

As for the first *Kokkonen* exception, it is of course true that the district court's November 13 Order left it open to either party, "upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated." But reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms. As *Kokkonen,* 511 U.S. at 378, 114 S.Ct. 1673 said:

Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.[4]

In this instance the district court's November 13 Order did contemplate the possibility of reinstating the lawsuit if the settlement had not been carried out. As Shaffer would have it, that somehow conferred jurisdiction on the district court to grant the entirely different relief of enforcing the settlement agreement because a motion to that latter end was brought within 60 days of the November 13 Order. But that contention is at cross-purposes with the principles announced in *Kokkonen* (as well as in our pre-*Kokkonen* decision in *Sawka* and our post-*Kokkonen* decision in *Phar–Mor*), and we hold today that language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated does not satisfy the first *Kokkonen* precondition for the enforcement of the settlement agreement itself.[5]

Shaffer's counsel has argued, both in response to our request for supplemental briefing and at oral argument, that the

district court had inherently retained jurisdiction through such on-the-record statements as "[t]he case is closed unless either party for some reason needs to reopen the case." But once again that looked to possible reinstatement (as the November 13 Order confirmed) and not to enforcement, and *Kokkonen,* 511 U.S. at 380, 114 S.Ct. 1673 rejected any such resort to notions of "inherent power" as surviving a dismissal order. Nor will it do to point to the district court's December 21, 2000 order that invited GTE t o file a motion to enforce the settlement agreement as somehow implying that there had initially been an unvoiced intention to retain jurisdiction for a purpose so different from the one actually articulated in the November 13 Order. *Phar–Mor,* 172 F.3d at 275 makes it clear that such "unexpressed intent is insufficient to confer subject matter jurisdiction."

### Conclusion

Because neither condition for the exercise of ancillary jurisdiction as identified in *Kokkonen* was met here, we hold that the district court lacked subject matter jurisdiction to rule on GTE's motion to enforce the settlement agreement.[6] Accordingly

---

**4.** *Kokkonen,* 511 U.S. at 378, 114 S.Ct. 1673 referred to the holdings of some other Courts of Appeals that Rule 60(b)(6) may sometimes be available to reopen a dismissed suit where the agreement that was the basis for the dismissal is breached. By contrast, we have held in *Sawka,* 989 F.2d at 140–41 that breach of a settlement agreement does not qualify as an "extraordinary circumstance" as required to set aside a dismissal order under Rule 60(b)(6). But that difference of views is truly a non-issue, for the reason next stated in the text.

**5.** In *Metro–Goldwyn Mayer, Inc. v. 007 Safety Prods., Inc.,* 183 F.3d 10 (1st Cir. 1999)(where the district court had "conditionally dismissed the case, subject to its reopening in the event the settlement was not

consummated within sixty days," *id.* at 13), the First Circuit held that conditional dismissal amounted to an express retention of jurisdiction over the entire settlement agreement such as to satisfy *Kokkonen* (*id.* at 14). Because we view the district court's quite different language in our case—an outright dismissal subject to the possibility of future reinstatement (but not to future enforcement of the settlement itself)—as not susceptible to such a reading, we need not address whether we would be inclined to agree with the First Circuit's conclusion under the circumstances that were before it.

**6.** This holding is of course without prejudice to the pursuit of whatever rights and obligations the parties may have in a state court of competent jurisdiction.

we VACATE the district court's January 23, 2001 order, thus leaving in place the November 13 Order of dismissal. It can only be hoped that this reconfirmation of basic jurisdictional principles that have been firmly established for almost a decade will avoid any further repetition in other cases of the painful lesson taught here.