

Opinions of the United
States Court of Appeals
for the Third Circuit

12-21-2005

# Williams v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1237

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Williams v. PA Bd Probation" (2005). *2005 Decisions.* Paper 66.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/66

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-1237

HENRY WILLIAMS,

Appellant

v.

PENNSYLVANIA BOARD OF PROBATION AND PAROLE;
CHAIRMAN ALLAN CASTOR, Pennsylvania Board of
Probation and Parole; FORMER CHAIRMAN FRED W.
JACOBS, Pennsylvania Board of Probation and Parole;
DISTRICT DIRECTOR HAROLD SHALON, Pennsylvania Board
of Probation and Parole; DANIEL SOLLA, Deputy District
Director Pennsylvania Board of Probation and Parole;
DIRECTOR PAUL DESCANO, Pennsylvania Board of Probation
and Parole; RONALD ZAPPAN, Deputy District Director
Pennsylvania Board of Probation and Parole; ROBERT
YERGER, Director of Personnel Pennsylvania Board of
Probation and Parole

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No.: No. 93-cv-5696
District Judge: The Honorable Thomas N. O'Neill, Jr.

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
Thursday December 15, 2005

Before: SLOVITER, SMITH, and VAN ANTWERPEN, *Circuit Judges*

(Filed:   December 21, 2005)

OPINION OF THE COURT

SMITH, *Circuit Judge*.

In 1993, Henry Williams, an African-American employee of the Pennsylvania Board of Probation and Parole ("the Board"), initiated a civil rights action against his employer and certain management personnel, alleging race-based disciplinary action, promotion practices, and evaluation procedures. Five of Williams's male co-workers initiated similar civil rights actions. On May 1, 1995, Williams and the five others executed a Settlement Agreement and Release which was also signed by the Board. The Agreement provided for the Board to take specific action with regard to each man's employment and to tender a lump sum payment. The Board agreed without admitting liability that it would not discriminate or retaliate against the men on account of their race or other characteristics.

In return for the Board's promises and the payment of money, Williams and the other men released the Board and the other management personnel from any and all actions or causes of action. In addition, each man "waive[d] his right to file any other charge or complaint," agreeing instead to use an alternative dispute resolution procedure set forth therein. The Agreement specified that the procedure "shall be the exclusive method of resolving complaints of discrimination and/or retaliation which arise subsequent to his execution of this Agreement . . . ." The parties agreed that they could seek to enforce the terms of the Agreement in the event of a breach and that a

2

"suit to enforce it may be brought in law and/or equity, and/or any of the Plaintiffs may reopen and renew this litigation which is being dismissed by this Agreement . . . ."

Prior to the execution of the Agreement, the parties advised the District Court that the case was settled. The Deputy Clerk entered an order dismissing the action with prejudice in accordance with the Court's Local Rule 23(b), "subject to retaining jurisdiction for the purpose of execution" of the Agreement.

Several years later, on December 1, 1998, Williams filed a petition for relief for breach of settlement, alleging that he had been subjected to repeated, systematic discrimination and retaliation based on his race and on the fact that he prosecuted his earlier claim. On February 22, 1999, after the Board responded, the District Court ordered that all discovery was to be completed by May 24, 1999. The Court subsequently extended the deadline to September 1, 1999, and ordered the submission of pretrial memoranda on that same date. Two months after the close of discovery, the District Court ordered Williams to provide all documents responsive to the Board's request for productions to the Board by November 13, 1999. Fourteen motions later, on January 10, 2001, Williams filed a motion for contempt and to enforce a subpoena. The Court granted the motion to enforce the subpoena, but denied the motion for contempt. On March 2, 2004, Williams moved to extend the time for filing pretrial memoranda. The Court denied the motion and referred the matter to a Magistrate Judge.

The Magistrate Judge submitted a report and recommended that Williams's petition for relief from settlement be denied. She concluded that Williams's request to

reinstate this earlier action was untimely under the Court's Local Rule and that there was no basis for relief under Federal Rule of Civil Procedure 60(b)(6). The Magistrate also explained that the Court lacked subject matter jurisdiction over the proceeding under *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375 (1994), because the Clerk's order did not incorporate the terms and conditions of the Agreement and because the order retained jurisdiction for only the execution of the Agreement, not compliance. Although the Settlement Agreement provided that Williams and the others could move to reopen and renew the litigation in the event of a breach, the Magistrate Judge concluded that the doctrine of laches barred relief in light of Williams's lack of diligence in prosecuting the matter. In support of her conclusion, the Magistrate pointed out that there was a five year delay between the September 1, 1999 deadline for filing a pretrial memorandum and the March 2, 2004 request for an extension of time to file the memorandum.

The District Court adopted the Magistrate Judge's Report and Recommendation and denied Williams's petition for relief for breach of settlement. This timely appeal followed. Williams argues that the District Court erred because the Agreement provided that he could move to reopen or renew this civil action. He also contends that the District Court misapplied the Supreme Court's decision in *Kokkonen* because the order retained jurisdiction. He asserts that the term in the Agreement permitting the reopening and renewal of the litigation is a sufficient ground for vacating the dismissal under Rule 60(b)(6).

4

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's determination that it lacked subject matter jurisdiction. *In re Phar-Mor, Inc. Secur. Litig.*, 172 F.3d 270, 273 (3d Cir. 1999).

We agree with the District Court that, under *Kokkonen*, it lacked jurisdiction. 511 U.S. at 380-81. The Clerk's order retained jurisdiction pursuant to its local rule, which specifically provided for a ninety day period to reinstate the civil action in the event the settlement was not executed. This did not make the parties' ongoing compliance with the Agreement after the ninety day period a subject of the order, nor did it incorporate the terms and conditions of the Agreement. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500 (3d Cir. 2002) (holding that "language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated does not satisfy the first *Kokkonen* precondition for the enforcement of the settlement agreement itself"). Because the dismissal order incorporated neither the Settlement Agreement, nor the provision allowing Williams to reopen and renew the litigation, we lack jurisdiction to consider Williams's new allegations of discrimination and retaliation.

We also reject Williams's contention that the provision of the Agreement affording him the right to renew or reopen the litigation is sufficient to vacate the dismissal under Rule 60(b)(6). First, we note that Williams never sought relief from the judgment entered in 1995. Instead, his petition sought to obtain additional relief for new allegations of discrimination and retaliation. Second, as the District Court correctly observed, in *Sawka v. Healtheast, Inc.* 989 F.2d 138, 140 (3d Cir. 1993), we observed that Rule 60(b)(6)

relief "may only be granted under extraordinary circumstances" and that the breach of a settlement agreement does not satisfy that requirement, even though it may give rise to a cause of action to enforce the agreement. Accordingly, the fact that the Agreement permitted Williams to renew or reopen the litigation is not sufficiently extraordinary to justify granting Rule 60(b)(6) relief.

We will affirm the judgment of the District Court.