

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-7-2007

# Drayton v. Kyler

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-5133

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Drayton v. Kyler" (2007). *2007 Decisions.* Paper 984.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/984

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-5133
_____

JAMES E. DRAYTON,

Appellant


v.


SUPERINTENDENT KENNETH KYLER;
LT. SMITH, Supervisor of Restricted Housing Unit
at SCI-Huntingdon; LT. HARRIS, Supervisor of Restricted Housing
Unit at SCI-Huntingdon; JAMES GRACE, Deputy Superintendent;
A. SCOTT WILLIAMSON, Deputy Superintendent; DR. JOHN SYMONS,
Medical Director; PATRICIA YARGER, Health Care Administrator


_____


On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civ. No. 02-cv-00077)
District Judge:  Honorable John E. Jones, III


_____


Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
May 24, 2007
Before: SLOVITER, CHAGARES AND GREENBERG, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed June 7, 2007)

_____

OPINION

_____

PER CURIAM

James E. Drayton, proceeding pro se, appeals the District Court's order of
November 17, 2006, denying his motions to reopen, for sanctions, and for leave to file a
supplemental complaint. For the reasons set forth herein, we will summarily affirm the
judgment of the District Court.

Appellant initiated this civil rights action in January 2002, alleging, among other
things, that Appellees violated his Eighth Amendment rights under 42 U.S.C. § 1983 by
denying him access to his orthopedic boot while he was confined in the Restricted
Housing Unit ("RHU") at SCI-Huntingdon between December 17, 2001 and February 11,
2002. The action was plagued by discovery disputes and failed settlement attempts for
nearly four years. On November 28, 2005, the United States District Court for the
Western District of Pennsylvania held a conference to determine the status of settlement
negotiations, consider Appellant's motion for sanctions, and discuss trial and scheduling-
related matters. During the course of the conference, in response to an inquiry regarding
the status of settlement negotiations, the Court determined that both parties were open to
settlement. At Appellant's request, the Court held private settlement discussions with
each side and then afforded the parties an opportunity to negotiate with one another. By
the conclusion of the proceedings, the parties reached a settlement. After hearing the

2

terms on the record and confirming that Appellant understood them, the Court issued an order indicating that the action had been settled, and dismissing it "without prejudice to the right of either party, upon good cause shown, to reinstate the action within sixty (60) days if the settlement is not consummated."

On June 1, 2006, well beyond the sixty-day limit, Appellant filed a "motion for relief from proceeding of November 28, 2005," requesting that the Court set aside the settlement and reinstate the action pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Additionally, Appellant filed a motion for sanctions and a motion for leave to file a third amended complaint. Meanwhile, Appellees filed a motion to enforce the settlement reached on November 28.

The District Court first addressed Appellees' motion, concluding that it lacked subject matter jurisdiction to enforce the settlement, in light of its order of dismissal, which failed to specifically retain jurisdiction to enforce the settlement beyond the specified sixty-day period. See Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 380 (1994) (holding that federal district court lacks jurisdiction to enforce terms of settlement agreement after underlying action has been dismissed unless court specifically retains jurisdiction to do so); see also Shaffer v. GTE North, Inc., 284 F.3d 500, 504 (3d Cir. 2002); Phar-Mor Secs. Litig., 172 F.3d 270, 274-75 (3d Cir. 1999).

3

The Court then turned to Appellant's motion for relief under Rule 60(b)(1)-(3).[1] Appellant alleged that he was unfairly surprised when the Court held settlement discussions during what he believed would only be a hearing on his motion for sanctions. He claimed that he had received outstanding discovery responses from Appellees only a few days before the hearing and was not provided with access to the law library, and therefore was unable to adequately protect his rights during the settlement discussions. He further claimed that Appellees had engaged in fraud and misconduct by failing to timely comply with discovery orders and by intentionally misleading Appellant with their discovery responses. Specifically, Appellant alleged that despite identifying "Policy Number 6.5.1" as the basis for Appellees' confiscation of his orthopedic boots upon his admission to the RHU, Appellees failed to provide Appellant or the Court with a copy of this policy, and actually misrepresented that such confiscation was mandatory rather than discretionary under the policy. Appellant maintained that he had relied on Appellees' representations regarding the mandatory nature of the policy in accepting their offer of settlement. Finally, he claimed that Appellees drugged his food on the day of the November 28 hearing, thereby rendering him unable to sufficiently represent himself during the course of settlement negotiations.

---

[1]Rule 60(b) provides for relief from a judgment or order based on (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation or other misconduct of an adverse party; (4) a void judgment; (5) the satisfaction, release or discharge of a judgment or inequity in the prospective application of the judgment; or (6) any other reason justifying relief from operation of the judgment.

The District Court concluded that Appellant's alleged bases for reopening the lawsuit were without merit. With respect to his unfair surprise argument, the Court explained that it had made it clear to Appellant during the November 28 proceedings that he did not have to participate in settlement discussions, and that the Court would not have proceeded absent Appellant's explicit agreement to do so. As for Appellant's claims regarding fraud and misconduct by Appellees, the Court referred to numerous statements by Appellant on the record indicating that he was aware, prior to the settlement discussions of November 28, that the confiscation of orthopedic boots upon entry to the RHU was discretionary, rather than mandatory. In light of the fact that Appellant was aware of the nature of the prison's policy at the time of the hearing, the Court held that Appellant could not have justifiably relied on such an alleged misrepresentation in agreeing to settle his claims, and therefore rejected Appellant's argument that the action should be reopened on that basis. Finally, the Court rejected Appellant's claim of being drugged as incredible, noting that it did not find Appellant to have been ill or under the influence of a foreign substance during the course of the hearing.

In addition, the Court held that Appellant had inexcusably delayed in filing his motion for relief. See Harvey v. Continental Prods. Corp., 804 F.2d 250, 255 (3d Cir. 1986) (holding that even submissions filed within the one-year time frame of Rule 60(b) must be filed within a reasonable time). Appellant claimed that his delay in filing the motion was attributable to the fact that he never received a copy of the Court's sixty-day

5

order. However, Appellant was present when the Court announced that it was dismissing the action based on the parties' agreement to settle, and that it would enter a sixty-day order permitting the parties to reopen the action within sixty days "if there's a failure to comply with any provision on either side." Accordingly, the Court concluded that Appellant's claim that he lacked notice of the order was both unpersuasive and unavailing.

In light of its disposition of Appellees' motion to enforce the settlement agreement and Appellant's motion to reopen the proceedings, the Court denied Appellant's motions for sanctions and for leave to file a third amended complaint as moot.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Because this appeal presents no "substantial question," we will summarily affirm the judgment of the District Court for all of the reasons set forth in the District Court's well-reasoned opinion. See 3d Cir. LAR 27.4 & I.O.P. 10.6.