**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-1814
_____

DEMETRIA GUIUAN,
                                             Appellant

v.

THERESA VILLAFLOR; MARK VILLAFLOR;
ADELAIDA S. SUA; REYNALDO A. SUA; BPI
FAMILY SAVINGS BANK, INC.; JEWELYN JACINTO
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 2-08-cv-00363)
District Judge:  Honorable Mark Falk, Magistrate Judge
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 24, 2013

Before:  SMITH, GARTH and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 25, 2013)
_____

OPINION
_____

PER CURIAM

        Demetria Guiuan appeals from the District Court's order denying her motions to

hold certain defendants in contempt for violating a settlement agreement.  We will affirm.

I.

Guiuan filed pro se a complaint against multiple defendants asserting state-law claims arising from her alleged purchase of a home in the Philippines from Theresa and Mark Villaflor. The District Court, which had diversity jurisdiction, resolved Guiuan's claims against most defendants on various motions and ultimately permitted only two of her claims against the Villaflors to proceed. The parties then consented to the jurisdiction of a Magistrate Judge (whom we refer to as the "District Court" hereafter). Before trial, the parties reached a settlement under which the Villaflors agreed to pay Guiuan $36,500 in monthly installments, and the parties recited the agreement on the record. The District Court then dismissed the action with an order reading in full: "IT APPEARING that this matter has been settled and the same having been confirmed on the record by the parties and counsel; IT IS on this 12th day of October 2012, ORDERED that, this matter be and hereby is dismissed with prejudice and without costs."

Guiuan later filed the two motions at issue here asserting that the Villaflors had breached the settlement agreement by failing to make monthly payments. Guiuan requested that the District Court (1) hold the Villaflors in contempt for breaching the settlement agreement, (2) order them to comply with that agreement, and (3) retain jurisdiction to enforce its order. The District Court, applying <u>Kokkonen v. Guardian Life Insurance Co. of America</u>, 511 U.S. 375 (1994), denied the motions for lack of jurisdiction. Guiuan appeals, and we have jurisdiction under 28 U.S.C. § 1291.

## II.

We agree that the District Court lacked jurisdiction over Guiuan's motions. In

2

Kokkonen, the Supreme Court held that a district court lacks jurisdiction to enforce a settlement agreement following the dismissal of an action unless (1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2) there is an independent basis for federal jurisdiction.  See Kokkonen, 511 U.S. at 381-82.  We reached much the same conclusion before Kokkonen was decided.  See Sawka v. Healtheast, Inc., 989 F.2d 138, 141 (3d Cir. 1993).

Neither ground for jurisdiction exists here.  The District Court did not retain jurisdiction to enforce the settlement agreement or incorporate its terms merely by referencing the settlement in its order of dismissal.  See Shaffer v. GTE North, Inc., 284 F.3d 500, 503 (3d Cir. 2002); Sawka, 989 F.2d at 141.  Nor did it do so by permitting the parties to recite the settlement agreement on the record.  See Kokkonen, 511 U.S. at 376, 381-82 (holding that a district court lacked jurisdiction to enforce a settlement that was "recited, on the record, before the District Judge").[1]  The District Court also lacked an independent jurisdictional basis to enforce the settlement because it does not involve a federal question or more than $75,000.  See 28 U.S.C. § 1332(a).  Thus, the District

---

[1] We previously suggested that the recital of a settlement on the record might permit its enforcement, see Sawka, 989 F.2d at 141 n.3 (citing Kelly v. Greer, 334 F.2d 434 (3d Cir. 1964)), but those decisions predated Kokkonen.  See also Shaffer, 284 F.3d at 501-02, 504 (holding, post-Kokkonen, that a district court lacked jurisdiction to enforce a settlement whose terms had been recited of record).  To the extent that the recital of a settlement on the record might remain relevant, the recital in this case did not "evidenc[e] an intent that the court continue to actively supervise performance."  Sawka, 989 F.2d at 141 n.3.  To the contrary, it was the Villafors' counsel who requested placement of the settlement on the record for evidentiary purposes (ECF No. 84 at 6), and the District Court thereafter clearly disassociated itself from the case (id. at 9-10).

Court lacked jurisdiction to enforce the parties' settlement agreement. Because the District Court lacked jurisdiction to enforce the agreement, it also lacked the authority to hold the Villaflors in contempt for their alleged violation of that agreement. See Sawka, 989 F.2d at 141 (citing Gardiner v. A.H. Robins Co., 747 F.2d 1180, 1190 n.13 (8th Cir. 1984)). As the District Court explained, Guiuan's remedy is to file an action for breach of the agreement in state court. See Kokkonen, 511 U.S. at 382.

We will briefly address three of Guiuan's arguments on appeal. First, she argues that the District Court had diversity jurisdiction to enforce the settlement because she sought to recover more than $75,000 from the Villaflors in her complaint. The District Court's jurisdiction over the underlying suit, however, does not constitute an independent jurisdictional basis to enforce the parties' subsequent agreement. To the contrary, such enforcement "is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." Id. at 378. As explained above, there was no such basis here.

Second, Guiuan argues that Kokkonen is inapposite because that case involved a stipulated order of dismissal under Rule 41(a)(1)(A)(ii). The decision in Kokkonen, however, turned on the fact that the underlying suit had been dismissed and not on the particular rule that produced the dismissal. See Kokkonen, 511 U.S. at 378. Indeed, we have held both before and after Kokkonen that district courts lacked jurisdiction to enforce settlements in cases like this one that were dismissed by court order rather than stipulation. See, e.g., Shaffer, 284 F.3d at 502-03; Sawka, 989 F.2d at 139, 141.

4

Finally, Guiuan raises arguments addressed to the order of dismissal itself. She argues, for example, that she "was not happy about" the order because it did not contain the terms of the settlement or retain jurisdiction to enforce it as she "expected" it would. (Appellant's Br. at 10, 12.) But Guiuan neither sought reconsideration of nor appealed from the dismissal order while she still had time to do so. Nor has she sought relief from the dismissal order under Rule 60(b). Thus, no challenge to the dismissal order is properly before us.[2] In light of that dismissal order, the District Court lacked jurisdiction to enforce the settlement agreement. We are cognizant of Guiuan's pro se status and the fact that she has fallen into what we described even in a counseled case as "a trap for the unwary," Shaffer, 284 F.3d at 501, but we are not permitted to overlook jurisdictional requirements. Guiuan also is not without a remedy because she may seek enforcement of the settlement agreement in state court. That remedy may be less convenient than enforcement in the District Court, but it is the one to which Kokkonen limits her.

For these reasons, we will affirm the order of the District Court. We express no opinion on the merits of Guiuan's contention that the Villaflors have breached the settlement agreement or on any action she might file in state court.

---

[2] We nevertheless note that any alleged deficiencies in the dismissal order that were apparent when the order was entered would not constitute grounds for Rule 60(b) relief because a Rule 60(b) motion "may not be used as a substitute for an appeal." United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003) (quotation marks omitted). We further note that a party's mere breach of a settlement agreement generally does not state a basis to set aside a judgment of dismissal under Rule 60(b) and reinstate the underlying suit. See Shaffer, 284 F.3d at 503-04 & n.4 (citing, inter alia, Sawka, 989 F.2d at 140-41).