**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3391
_____

DOMINION DEVELOPMENT GROUP, LLC

v.

CINDY BEYERLEIN; BOENNING & SCATTERGOOD

Dominion Development Group, LLC;
Dominion Development Group Derivatively on
behalf of Flagstaff Resort Land Holdings, Ltd.,
Appellants
_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 3-15-cv-00961)
District Judge: Hon. Malachy E. Mannion
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
December 11, 2018
_____

Before: SMITH, *Chief Judge*, McKEE and FISHER, *Circuit Judges*.

(Opinion filed: May 24, 2019)

_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

McKEE, *Circuit Judge.*

Appellant Dominion Development Group, LLC appeals the District Court's order granting Appellees' motion to enforce a settlement. Dominion argues the District Court erred in two ways: (1) by binding it to the settlement and (2) by enforcing the settlement when it lacked subject matter jurisdiction. Dominion also argues that the underlying case should be reinstated. Because the District Court lacked subject matter jurisdiction to enforce the settlement, we will vacate and remand.

**I.**

Through its principal, Larry Masi, Dominion sued Appellees alleging improper interference with its ability to secure financing for a business development project. Discovery ensued for two years and a settlement conference was eventually held in the Middle District of Pennsylvania on October 21, 2016. Masi appeared on behalf of Dominion, along with his attorneys. Appellees Cindy Beyerlein and Boenning & Scattergood were also represented by counsel at the conference.

After over four hours of discussion and settlement negotiations, the parties orally agreed to settle the action, and the District Court dismissed the case subject to possible reinstatement within 60 days upon good cause shown by any party. The Court's order was dated October 21, 2016 and read in full:

> After a lengthy settlement conference, the parties have come to an agreement to resolve and settle. **IT IS ORDERED THAT** this action be dismissed without costs and with prejudice to the right of either party upon good cause shown, to apply for reinstatement of the action within sixty (60) days of the date of this order if settlement has not been consummated.[1]

---

[1] Joint App. Dismissal Order of October 21, 2016, at 74 [hereinafter October 21 Order].

On December 21, 2016, Boenning filed a motion to enforce the settlement reached on October 21st and impose sanctions. Dominion filed a brief in opposition in which it argued that counsel did not have express authority to settle the matter. The Court held a hearing on the motion on July 17, 2017.

In the District Court, neither the parties nor the Court raised the issue of the Court's subject matter jurisdiction to hear the motion. Accordingly, jurisdiction was never addressed. Nevertheless, in its September 28, 2017 order, the Court granted Boenning's motion to enforce the settlement and denied the request for sanctions against Dominion, Masi, and his current counsel. That order is the basis of this appeal.[2]

## II.

We review the District Court's subject matter jurisdiction de novo.[3] The Supreme Court has held that when a "district court dismisses an action pursuant to a settlement agreement, that court lacks jurisdiction to enforce that settlement agreement unless the obligation of the parties to comply with the settlement agreement is made part of the dismissal order or there is an independent basis for exercising jurisdiction."[4] Neither ground for jurisdiction exists here.

The District Court's October 21, 2016 dismissal order did not make the terms of the settlement agreement part of the order and therefore, the Court did not have

---

[2] We have appellate jurisdiction pursuant to 28 U.S.C. § 1291.
[3] *In re Phar-Mor, Inc.*, 172 F.3d 270, 273 (3d Cir. 1999); *Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002).
[4] *Phar-Mor*, 172 F.3d at 274 (citing *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 381–82 (1994)).

jurisdiction to later enforce the agreement.[5]  Additionally, there is no independent basis for exercising jurisdiction.

Boenning argues that the District Court "retained subject matter jurisdiction to enforce the settlement agreement" through its factual finding that the parties agreed to settle the case.[6]  The dismissal order, however, did not contain a "separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement)" and a factual finding is not a provision retaining jurisdiction.[7]  Furthermore, a "judge's mere awareness and approval of the terms of [a] settlement agreement do not suffice" to give the District Court retained jurisdiction to enforce the agreement.[8]

Like Boenning, Beyerlein contends that the District Court had jurisdiction to enforce the settlement agreement.  According to Beyerlein, the Court had jurisdiction because "Judge Mannion's [Dismissal] Order states that the matter was settled but it could be reinstated if the settlement has not been consummated."[9]  Beyerlein's contention ignores our holding in *Shaffer* "that language in a dismissal order providing for the reinstatement of an action if a settlement agreement is not consummated does not satisfy the first *Kokkonen* precondition for the enforcement of the settlement agreement itself." [10]

---

[5] *Compare Shaffer*, 284 F.3d at 502 *with* October 21 Order, *supra* note 1. The text of the October 21 Order is virtually identical to the wording of the order in *Shaffer* that was insufficient to confer subject matter jurisdiction on that court. *See Shaffer*, 284 F.3d at 503–05.

[6] Boenning's Br. at 22–23.

[7] *Kokkonen*, 511 U.S. at 381.

[8] *Id.*

[9] Beyerlein's Br. at 11.

[10] *Shaffer* 284 F.3d at 504.

The District Court's October 21 Order allowed for "either party upon good cause shown, to apply for reinstatement of the action within sixty (60) days . . . if settlement has not been consummated."[11]  However, reinstatement of an action simply revives the underlying claim and allows "the litigants back to the original battlefield, [which] is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms."[12]

## III.

Dominion asks us to reinstate its suit, arguing that the settlement was never knowingly entered into by Masi, its principal.  Unlike Beyerlein's argument that the possibility of reinstating the lawsuit conferred jurisdiction on the District Court to enforce the settlement agreement, Dominion now asserts that the Court did, indeed, lack jurisdiction.  Rule 60(b) of the Federal Rules of Civil Procedure provides six bases for relief from a judgment and Dominion fails to allege any as a basis for reopening the lawsuit.[13]  In fact, Dominion never mentions the Rule in its brief, and that ground for relief

---

[11] October 21 Order, *supra* note 1.

[12] *Shaffer*, 284 F.3d at 503; *see also Kokkonen*, 511 U.S. at 378 ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.")

[13] FED. R. CIV. P. 60(b).

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

is therefore abandoned.[14]

## IV.

Accordingly, we will vacate the District Court's September 28, 2017 order enforcing the settlement, leaving in place the October 21 Order of Dismissal.

---

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

[14] *See New Jersey v. Merrill Lynch & Co.*, 640 F.3d 545, 547 n.3 (3d Cir. 2011) (quoting *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) ("Failure to set forth an issue on appeal and present arguments in support of that issue in one's opening brief generally amounts to 'abandon[ment] and waive[r of] that issue . . . and it need not be addressed by the court of appeals.'")) (alterations in original).